210    177<br>34 SC 308

# Independent Natural Gas Company, Appellant, v. Butler Water Company.

*Water companies—Eminent domain—Natural gas company—Condemnation of land already devoted to public use.*

Where a water company has been compelled to condemn land for a dam owing to a necessity growing out of the increase of population of the community which it was incorporated to serve, a natural gas company which had its pipes laid under the land condemned, by a prior agreement with the landowner, is not entitled to an injunction to restrain the taking of the land, where it appears that by the expenditure of a few hundred dollars either before or after the construction of the dam, the pipes could be removed to other land of the water company not covered by the dam.

Under the Act of April 29, 1874, P. L. 73, clause 2 of sec. 34, as amended by the Act of May 16, 1889, P. L. 226, water companies have the power to condemn franchises and property held for public use, and are not limited merely to private property.

Argued Oct. 19, 1904.  Appeal, No. 158, Oct. T., 1904, by plaintiff, from decree of C. P. Butler Co., May T., 1903, No. 2, dismissing bill in equity in case of Independent Natural Gas Company v. Butler Water Company.  Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ.  Affirmed.

Bill in equity for an injunction.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in dismissing the bill.

*T. C. Campbell*, with him *S. F. Bowser*, for appellant.—The question involved in this case is whether the defendant corporation, without express grant in its charter but by implication of law, has authority by right of eminent domain to condemn property of the plaintiff corporation necessary to it to comply with the purposes of its corporate existence, and devote it to another and inconsistent use.

The rights of plaintiff company rise higher than those of the landowner : In re Providence & W. R. R. Co., 17 R. I. 324, (21 Atl. Repr. 965) ; Market Co. v. R. R. Co., 142 Pa. 580.

Authority given in general terms is presumptively not sufficient to authorize the taking, for an inconsistent use, of property already devoted to public use and necessary for the purpose to which it is devoted : Matter of Buffalo City, 68 N. Y. 167 ; Penna. R. R. Co.'s App., 93 Pa. 150 ; Scranton Gas & Water Co. v. Coal & Iron Co., 192 Pa. 80.

Franchises held for public use are not authorized to be taken by water companies under the act of 1874.

There being no express authority in the charter of defendant company to condemn, there can be no condemnation of plaintiff's franchise by implication of law unless there is an absolute necessity so to do ; this necessity has not been shown : Penna. R. R. Co.'s App., 93 Pa. 150 ; Groff's App., 128 Pa. 621 ; Scranton Gas & Water Co. v. Coal & Iron Co., 192 Pa. 80 ; Mobile, etc., R. R. Co. v. Alabama Midland Ry. Co., 87 Ala. 501 (6 So. Repr. 404) ; Groff's App., 128 Pa. 621 ; Chesapeake & O. Canal Co. v. B. & O. R. R. Co., 4 Gill & Johnson (Md.), 1 ; Matter of Boston & A. R. R. Co., 53 N. Y. 574 ; In re Rochester Water Commrs., 66 N. Y. 413 ; B. & O. R. R. Co. v. Pittsburg, W. & Ky. R. R. Co., 17 W. Va. 812; Lake Shore & M. S. Ry. Co. v. N. Y. C. & St. L. Ry. Co., 8 Fed. Rep. 858 ; In re Providence & W. R. R. Co., 17 R. I. 324 (21 Atl. Repr. 965) ; St. Louis, H. & K. C. Ry. Co. v. Hannibal Union Depot Co., 125 Mo. 82 (28 S. W. Repr. 483) ; Lake Erie & W. R. R. Co. v. Seneca County Commissioners, 57 Fed. Rep. 945.

*W. D. Brandon*, for appellee.—Water companies under the

act of April 29, 1874 as amended are authorized to condemn franchises held for a public use : Penna. R. R. Co.'s App., 93 Pa. 150.

The taking of the land is justified by necessity : West River Bridge Co. v. Dix, 47 U. S. 507 ; Phila., etc., Street Ry. Co.'s Petition, 203 Pa. 354 ; In re Towanda Bridge Co., 91 Pa. 216 ; Pittsburg Junction R. R. Co. v. Allegheny Valley R. R. Co., 146 Pa. 297 ; Stewart Wire Co. v. Lehigh Coal & Nav. Co., 203 Pa. 474.

OPINION BY MR. JUSTICE DEAN, December 31, 1904:

The gas company, the plaintiff company, was formed under the act of May 29, 1885 known as the Natural Gas Act. It was organized in 1888 for the purpose of supplying the population of the borough of Butler in Butler county with light and heat. Its charter route is through Oakland township in that county. Elizabeth Henry and Ebenezer Christie, the owners of two adjoining farms in the township, granted by parol to the company the privilege of laying its gas pipes through their lands and the company so laid them ; no compensation was demanded and none was paid. The pipes were laid immediately after the organization of the company and it has ever since been conducting natural gas through them from its wells beyond the Henry and Christie lands to the company's consumers in Butler.

The defendant is a water company organized under the general Act of April 29, 1874, P. L. 73 ; its charter was granted November 2, 1877 ; its declared purpose in its charter was to supply the borough of Butler with pure water. Since its organization it has been endeavoring to carry out the purpose of its existence. Its main supply was from its dam constructed about seven miles above Butler on Connoquenessing creek. The population of the borough, especially within the last three years, has increased very rapidly, and particularly the last year, when it rose 7,000, making probably a total of 18,000. It is not a migratory population, but is composed largely of skilled mechanics and business men. The probability is that the population will continue to grow, at least for some years. The daily consumption of water has increased from 1,000,000 gallons three years ago to 3,000,000 of gallons the last year. The

dam and creek, which theretofore had been the source of supply, became wholly insufficient.    The obligation of the company under its charter and the act under which it was organized was mandatory ; it was exposed to forfeiture of its charter unless it obeyed the mandate ; under its charter it had the right of eminent domain, which it exercised by appropriating the Henry, Christie and other farms for a large dam in which can be stored a large quantity of water to supply the borough. For the bed of this reservoir or dam the water company found it necessary to condemn part of the Henry, Christie and other farms ; a location at any other place is impracticable for such purpose ; this dam will submerge the gas company's pipes for a considerable distance through the two farms, for the pipe is about forty feet from the edge of high water mark at the breast of the dam, from which point the water grows shallower and narrower until the pipe line is no longer under water.    The pipe line can be moved at a very small expense from where it is now laid to other lands of the Henry and Christie farms, or to other lands embraced in defendant's condemnation proceedings, which are free from water.

The plaintiff claiming by a prior appropriation under its charter, filed this bill to enjoin defendant from appropriating for the bed of the dam the land on which its pipe is laid.    The court below refused the injunction and dismissed the bill.    There was no dispute as to the fact that the dam when completed would, to a very limited extent, submerge the pipe, nor could there be any dispute that to the extent the pipe was submerged there would be a joint occupancy of the same land by the two companies.    Whether covering the pipe with water to the extent the water does cover it will be such an injury as will practically divest the gas company's use of its property, is a question of fact.

So far as concerns the affirmation or reversal of this decree, it is not necessary that in review we should pass at this time on all the questions of law adverted to or discussed by the learned judge of the court below and by counsel.    We are of opinion that on one fact alone the decree dismissing the bill should be sustained.    In the fourth and fifth findings of fact, the court finds that the gas pipe could be moved from its present location on the farms mentioned a very short distance west, where

it would still be on land of the water company but above the water of its dam ; that such removal would not cost exceeding $300, and would only be necessary if plaintiff's apprehensions of injury to its pipes by reason of being flooded were well founded ; on the other hand, if said injury should follow even then the pipe could be removed to the new location at an expense not exceeding $700. Thus taking into view the utmost possible damage of a wrong estimate, it would be a slight one. These facts, and we do not doubt them, amply sustain the decree. In coming to this conclusion we consider only the peculiar facts bearing on this one question.

Here are two corporations, each having the right of eminent domain, each exercising that right under the terms of its charter to promote the health, comfort and prosperity of the inhabitants of the same borough ; in the exercise of their corporate rights they clash ; without relinquishing any substantial power under its corporate franchise the one can waive in favor of the other a mere technical right without substantial loss ; the other cannot give way without peril to its franchise ; a sufficient supply of water is an absolute necessity to the inhabitants of the borough ; that necessity can only be met by constructing this reservoir at the exact place selected by defendant's engineers. Under such circumstances which ought in equity to yield? The necessity is not one created by the company or one set up for its own convenience or for enlarged profits, but one arising from circumstances over which it has no control. Such a necessity as convenience created, it was held in Gas & Water Company v. Northern Coal & Iron Company, 192 Pa. 80, would not authorize one corporation in its exercise of eminent domain to appropriate the property of another corporation. The case before us rather comes under the ruling in Pittsburg Junction Railroad Co. v. Allegheny Valley Railroad Co., 146 Pa. 297. In this case it was held that " where a proposed construction of plaintiff's company's road across defendant's company's yard, upon an elevated structure occupying but a trifling part of the yard, would cause comparatively little injury, easily compensated in damages," the new construction must be allowed, although the technical right to the prior appropriation was slightly infringed upon. Assume, therefore, as we must do, here, that the prior appropriation by the gas company is tech-

nically interfered with by the subsequent condemnation of the land by the water company, the injury is but slight and can readily be compensated in damages ; therefore, on this ground alone, the decree is one which ought to have been made.

It is argued by appellant that the water company is not authorized to appropriate the franchise of other companies for its corporate purposes by condemnation proceedings. The general act of 1874 probably, only contemplated the condemnation of private property by water companies, but that act, as amended by the act of 1889, was so broadened in its scope as by necessary implication to include every species of property embracing such a right as plaintiff claims, whether its pipe line be regarded as an easement or a franchise. On either definition it was property. But assuming, what would not be a correct assumption, that under the statutes the water company had no power to directly appropriate and condemn the easement or franchise of another public corporation, then how stands the case ? The water company clearly had express power to condemn lands on which to erect cisterns, reservoirs and other structures for supplying water. In the exercise of this power it did condemn the Henry and Christie farms ; hence a slight injury resulted to plaintiff's right of easement. Then we are brought back to exactly the same question we have already noticed, which is, if in doing that which it had an undoubted right to do it incidentally committed an injury which it had no express power to commit on another franchise yet which, to exercise its own franchise was absolutely necessary, would equity enjoin it ? We say no, if under the authority of the case cited the injury was but slight and could be easily compensated in damages.

As will be noticed, we affirm the decree, however, on the single ground that the injury to plaintiff is but slight, and can be easily and fully compensated in damages.

Several grave questions are suggested by the opinion of the court below and in the argument, such as, if both these corporations, carrying on their operations for the benefit of the same public yet by entirely different methods, if both cannot exist together, which has the superior or dominant right? It is argued, that without sufficient water the health and comfort of the inhabitants would so suffer that the borough could not

exist ; on the other hand, it is argued, that heat and light are as great a necessity as water.   As both corporations supply the same population, and can on the facts continue to do so, it is wholly unnecessary to decide the point.   From the many charters almost daily granted to private or quasi-public water companies, as distinguished from municipal corporations, which has the legal right by condemnation proceedings to appropriate land and streams ?   Such a question may in future demand from us judicial consideration and decision.   There is no reason why we should even intimate an opinion on the subject now.

We pass no opinion on appellant's seventh assignment of error, in which it is alleged the court erred in holding that " The plaintiff company, having entered under agreement with owners of the land, has no higher rights than such landowners." Whether an entry on the land with charter right by consent of the owner, and possession taken in pursuance of that purpose, would or would not place the company in a stronger position than the owner, is immaterial, because we rule the case on another ground.   If the case necessarily turned on this question we might, or might not, sustain the assignment.

All the other assignments are overruled, and the decree is affirmed without prejudice to plaintiff's right in proper proceedings to recover damages.